**UNITED STATES of America**

v.

**Brian WHITCOMB.**

**Crim. A. No. 91–08–01.**

United States District Court,
D. Vermont.

May 24, 1991.

Peter W. Hull, Asst. U.S. Atty., Burlington, Vt., for plaintiff.

David R. Cowles, Jarvis and Kaplan, Burlington, Vt., for defendant.

## OPINION AND ORDER

PARKER, District Judge.

Defendant was indicted for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He moves to suppress evidence on the ground that the evidence was seized as a result of an unlawful arrest. We agree and accordingly GRANT the motion to suppress.

### FACTS

On January 8, 1991, Sergeant Robert Miller of the Barre City Police Department noticed a vehicle with a defective brake light drive by. Miller stopped the vehicle and determined that it was owned and operated by the defendant, Brian Whitcomb, who freely gave his name and birth date when asked. A routine check with the Department of Motor Vehicles revealed that defendant's license to operate a motor vehicle had been suspended. Miller told defendant to exit the vehicle, put handcuffs on him, and placed him under arrest, which he believed to be standard Barre City police procedure for handling DLS suspects. Prior to transporting defendant to the Barre City police station, he conducted a pat-down search, revealing a lump below the waistband of defendant's pants. Investigating further, Miller retrieved a bag from within defendant's pants, which contained cocaine. He also found a large bundle of cash in defendant's coat pocket, and a set of scales and several plastic bags in the trunk of his car.

### DISCUSSION

Rule 3 of the Vermont Rules of Criminal Procedure sets out the procedures for warrantless arrests and issuances of citations by Vermont law enforcement officers. V.R.Cr.P. 3 (1983 & Supp.1990); *State v. Jewett*, 148 Vt. 324, 328, 532 A.2d 958, 960 (1986). Rule 3(a) grants the gen-

eral authority to "arrest without warrant a person whom the officer has probable cause to believe has committed a crime in the presence of the officer." Subdivision (c)(1) of the rule, however, contains an explicit limitation on this authority:

A law enforcement officer acting without warrant who is authorized to arrest a person for a misdemeanor under subdivision (a) of this rule shall, except as provided in paragraph (2) of this subdivision, issue a citation to appear before a judicial officer *in lieu of arrest*. In such circumstances, the law enforcement officer may stop and briefly detain such person for the purpose of determining whether any of the exceptions in paragraph (2) applies, and issuing a citation, but if no arrest is made, such detention shall not be deemed an arrest for any purpose.

(Emphasis added.) Driving with a suspended license is a misdemeanor in Vermont. 23 V.S.A. § 674; 13 V.S.A. § 1. None of the exceptions listed in Rule 3(c)(2) [1] are applicable in the present case, and the Government does not contend otherwise.

The Government argues, however, that Sergeant Miller's restraint of the defendant was permissible under the second sentence of Rule 3(c)(1) quoted above. We disagree for two reasons. First, Miller did not detain the defendant merely for the purpose of determining whether an exception to the general rule requiring citation rather than arrest applied; rather, according to his own testimony, he arrested the defendant and intended to bring him to the police station for booking. Second, the degree of re-

straint in this case cannot be justified under the "brief detention" provision of Rule 3(c)(1). Rule 3(c) is based upon ABA Minimum Standards (Pretrial Release) §§ 2.1–2.5. See V.R.Cr.P. 3, Reporter's Notes, at 11 (1983). ABA Standard 2.1 "provides that arrest or detention should be allowed only when 'required by the need to carry out legitimate investigative functions, to protect the accused or others where his continued liberty would constitute a risk of immediate harm or when there are reasonable grounds to believe that the accused will refuse to respond to a citation.'" *Id.* at 12. Stopping a person operating a car with a defective brake light while his license was suspended, without more, does not justify placing handcuffs on him and subjecting him to a pat-down body search.

■ We conclude that defendant's arrest was in violation of Vermont law. The evidence seized from his person and vehicle accordingly must be suppressed as a fruit of the illegal arrest. See *United States v. Robinson*, 414 U.S. 218, 236, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973) (search incident to lawful arrest); *Ker v. California*, 374 U.S. 23, 34, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); V.R.Cr.P. 3, Reporter's Notes, at 12 (1983) ("An illegal arrest is grounds for suppression of evidence obtained incident to it.").

It is hereby ORDERED that the above entitled matter is scheduled as No. 3 for trial by jury on Tuesday, June 18, 1991, at 9:30 a.m. Counsel shall file any requests for voir dire of the jurors, requests to charge the jury and trial memoranda on or before June 11, 1991. If there is a change

---

1. The exceptions to the mandatory citation rule are:

(A) A person subject to lawful arrest fails to identify himself satisfactorily; or

(B) Arrest is necessary to obtain nontestimonial evidence upon the person or within the reach of the arrested person; or

(C) Arrest is necessary to prevent bodily injury to the person arrested or to the person of another, harm to property, or continuation of the criminal conduct for which the arrest is made; or

(D) The person has no ties to the community reasonably sufficient to assure his appearance or there is a substantial likelihood that he will refuse to respond to a citation; or

(E) The person has previously failed to appear in response to a citation, summons, warrant or other order of court issued in connection with the same or another offense; or

(F) A situation described in subdivision (a)(2) is present.

Subdivision (a)(2) of Rule 3 authorizes warrantless arrest "when the officer has probable cause to believe a person has committed a misdemeanor which involves a violation of an order issued pursuant to Chapter 21 of 15 V.S.A. [domestic abuse prevention], or which involves an assault against a family or household member, as defined in the same Chapter, or a child of such person."

of plea, it must be done on or before June 14, 1991. All exhibits are to be marked prior to trial.